UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS G. CLAIBORNE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. ZHANG et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-1570 JAM DAD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  This matter is before the court on a motion to dismiss brought on behalf of defendant Dr. Zhang.  Plaintiff has filed an opposition, and defendant has filed a reply.

**BACKGROUND**

Plaintiff is proceeding on an amended complaint against defendant Dr. Zhang.  Therein, plaintiff alleges that defendant Dr. Zhang refuses to provide plaintiff with a replacement for his upper partial denture, resulting in plaintiff's inability to eat properly.  According to plaintiff, defendant Dr. Zhang believes he must undergo a tooth extraction before he gets a new upper partial plate.  Plaintiff alleges that a tooth extraction is unnecessary and that his prior dentist had already cleaned that tooth in preparation for the new upper partial plate.  At screening, the court found that plaintiff's complaint appeared to state a cognizable claim for inadequate dental care against defendant Dr. Zhang.  (Doc. No. 10)

**LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

A defendant may bring a motion to dismiss under Rule 12(b)(6) based on the doctrines of res judicata or collateral estoppel when the defense does not raise any disputed issues of fact. See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).

**ANALYSIS**

In the pending motion to dismiss, defense counsel argues that the court should dismiss plaintiff's complaint because his claims concerning defendant Dr. Zhang's denial of adequate dental care are barred by the doctrine of res judicata. Alternatively, defense counsel argues that plaintiff's complaint fails to state a cognizable claim for relief. (Def.'s Mem. of P. & A. at 1-10 & Ex. 1.)

Upon consideration of the parties' arguments, and for the reasons stated herein, the court agrees that this action is barred by the doctrine of res judicata.

I. Res Judicata (or "Claim Preclusion")

Generally speaking, under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). The doctrine also "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987) (internal quotations omitted). See also Siegel v. Federal Home Loan Mortgage Company, 143 F.3d 525, 528-29 (9th Cir. 1998) (quoting Robertson v. Isomedix, Inc., (In re Intl. Nutronics), 28 F.3d 965, 969 (9th Cir. 1994).

Under 28 U.S.C. § 1738, a federal court must "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bod. of Educ., 465 U.S. 75, 81 (1984). See also Gonzalez v. California Department of Corrections, 739 F.3d 1226, 1230 (9th Cir. 2014). In this regard, federal courts must apply state doctrines of claim preclusion to determine the preclusive effect of prior state adjudications in subsequent federal litigation, including in cases brought pursuant to § 1983. Migra, 465 U.S. at 83-85; Brodheim v. Cry, 584 F.3d 1262, 1268-69 (9th Cir. 2009) (reversing a district court's determination that civil rights claims were precluded by prior habeas claims adjudicated in California state court because the district court had applied federal claim preclusion law and should have applied California law, which would not have barred the claims).

The Ninth Circuit Court of Appeals recently held that, under California's doctrine of claim preclusion, "reasoned denials of California habeas petitions . . . do have claim-preclusive effect." Gonzales, 739 F.3d at 1231 (citing Gomez v. Sup. Ct., 278 P.3d 1168, 1175 n.6 (2012)). In Gonzales, a state prisoner-plaintiff brought a federal civil rights action against prison officials, alleging violations under the First Amendment, Eighth Amendment, and Equal Protection Clause in connection with his gang validation and placement in a secured housing unit ("SHU"). Id. at 1229. The district court dismissed the action as barred by claim preclusion. Id. at 1229-30. The prisoner-plaintiff had previously brought a state habeas petition, challenging the evidentiary basis for his SHU confinement and seeking release from such confinement. Id. at 1229. The state court had earlier denied that petition, concluding that there was "some evidence" to support the prisoner-plaintiff's gang validation for due process purposes. Id.

On appeal from the district court's dismissal of the federal action, the Ninth Circuit affirmed the district court and held that the prisoner-plaintiff's federal civil rights action was barred by the doctrine of res judicata under the facts of that case. The Ninth Circuit panel explained that California's general rule is that "[a] valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." Id. at 1231 (quoting Slater v. Blackwood, 543 P.2d 593, 594 (1975)). The federal appellate court noted that in his federal civil action and in his earlier state habeas petition the prisoner-plaintiff was challenging the same actions by the same group of prison officials that resulted in the same harm. Id. at 1234. The Ninth Circuit concluded that the prisoner-plaintiff could not escape claim preclusion under those facts. Id.

II. Discussion

In this case, it is undisputed that on April 14, 2014, several months prior to plaintiff filing this federal civil rights action, the Solano County Superior Court issued an order denying plaintiff's petition for writ of habeas corps. In a reasoned decision denying state habeas relief, the superior court stated:

> On February 18, 2014, Petitioner Dennis Claiborne filed this petition for writ of habeas corpus. Petitioner claims that his Eighth Amendment rights are being violated because the CDCR is refusing

4

> to give him new dentures. He claims that a dentist wrongly found that one of his teeth needed to be extracted before new dentures could be made.
>
> Petitioner sets forth no facts or evidence to support that dental staff are acting with deliberate indifference to his serious medical needs. Petitioner has a right to refuse treatment, and he did so. However, he has no right to prescribe treatment for himself. Petitioner's claim that the dentist wrongly found that his tooth needed to be extracted is unsupported.
>
> The petition for writ of habeas corpus is DENIED.

(Def.'s Mot. to Dismiss, Ex. 1 (internal citations omitted).)

Here, plaintiff is challenging the same actions by the same defendant that allegedly resulted in the same harm that he previously complained of and sought relief for in his state habeas proceedings. Pursuant to the Ninth Circuit's decision in Gonzales and California's doctrine of claim preclusion, plaintiff's claims in this civil rights action are precluded by the Solano County Superior Court's reasoned denial of his habeas petition. See Perrott v. Muntz, No. ED CV 07-1031-MWF (VBK), 2015 WL 1310950 (C.D. Cal. Mar. 16, 2015) (applying the decision in Gonzalez to dismiss a civil rights action as barred by the doctrine of res judicata under similar circumstances); Coleman v. CDCR, No. 2:13-cv-1590-EFB P, 2014 WL 4446798 (E.D. Cal. Sept. 9, 2014) (same).

Accordingly, for all of the foregoing reasons, the court will recommend that defendant's motion to dismiss this action as barred by the doctrine of res judicata be granted.[1]

## OTHER MATTERS

Defendant Dr. Zhang has filed a request that this court take judicial notice of the Solano County Superior Court's order denying plaintiff's petition for writ of habeas corpus. Pursuant to Federal Rule of Evidence 201, this court will grant defendant's request.

/////

/////

---

[1] In light of the recommendation set forth in these findings and recommendations, the undersigned need not address defendant's alternative argument that plaintiff's amended complaint fails to state a cognizable claim for relief.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that defendant Dr. Zhang's request for judicial notice (Doc. No. 16-2) is granted.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss this action as barred by the doctrine of res judicata (Doc. No. 16) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 17, 2015

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
clai1570.57